Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
Rachel Berkness, Bar No. 7-5966
PO Box 3442
Jackson, WY 83001

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| PERLA MARTINEZ<br><br>  Plaintiff,<br><br>vs.<br><br>SKYLINE PAINTING, LLC and ELIAZAR ORTIZ,<br><br>  Defendants. | Case No. |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Perla Martinez, and for her Complaint against Defendants Skyline Painting, LLC and Eliazar Ortiz alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Perla Martinez is an individual and a resident of Wyoming.

2. Defendant Skyline Painting, LLC is a painting company registered to do business in Idaho with its principal place of business located at 560 E. Howard Ave., Driggs, Idaho 83422.

3. Defendant Eliazar Ortiz is an individual and a resident of Idaho. Mr. Ortiz resides at 560 E. Howard Ave., Driggs, Idaho 83422.

4. The allegations at issue in this Complaint occurred in Alpine, Wyoming.

5. Jurisdiction in this Court is proper because the amount in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over Defendants because they transacted business in Wyoming and the wrongful conduct alleged in this Complaint occurred in Wyoming, therefore exercise of jurisdiction is not inconsistent with the Wyoming or United States constitution.

7. Venue is proper in this Court because the causes of action arose in Wyoming.

## ADMINISTRATIVE EXHAUSTION

8. Plaintiff filed a Charge of Discrimination with Wyoming Workforce Services on September 11, 2024.

9. The Charge of Discrimination alleged that Plaintiff suffered unwanted sexual harassment based on her sex.

10. Plaintiff received a Determination and Notice of Rights on September 2, 2025, enabling her to bring her to bring a civil suit alleging employment discrimination claims.

11. Plaintiff filed this lawsuit within 90 days of receipt of her Determination and Notice of Rights.

## FACTUAL ALLEGATIONS

12. On March 18, 2024, Eliazar Ortiz, owner of Skyline Painting, LLC, hired Ms. Martinez to complete some painting work for his company.

13. Her first day on the job, while working at a home in Alpine, Wyoming, Mr. Ortiz sexually assaulted Plaintiff.

14. Specifically, Mr. Ortiz held Plaintiff down on the ground while attempting to remove her clothing.

15. Mr. Ortiz was able to partially remove Plaintiff's shirt and kissed her on her bare back while doing this.

16. Plaintiff fought Mr. Ortiz with a spackling tool.

17. In the process, Plaintiff obtained minor cuts and bruises to different areas of her body.

18. She then convinced Mr. Ortiz to let her go home.

19. At least one other worker reported to law enforcement that he witnessed Mr. Ortiz on the floor on top of Plaintiff at the time, but he thought Mr. Ortiz was giving her a massage.

20. Other workers informed law enforcement that, prior to the sexual assault, they heard Mr. Ortiz engaging in sexual conversations with Plaintiff.

21. Following the assault, Mr. Ortiz took Plaintiff away from the jobsite before the workday was complete.

22. That same date, Plaintiff reported the incident to law enforcement and underwent a SANE exam.

23. Since that date, Defendants have offered Plaintiff no further work with Skyline Painting, LLC.

24. On January 30, 2025, Mr. Ortiz pleaded no contest to sexual battery in connection with this event.

## FIRST CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT, DISCRIMINATION, HARASSMENT, AND RETALIATION ON THE BASIS OF SEX IN VIOLATION OF WYOMING STATE LAW

25. Plaintiff incorporates by reference all preceding paragraphs herein.

26. Wyoming Statute Section 27-9-105 prohibits an employer from discriminating against an employee based on sex.

27. On March 18, 2024, Defendant Ortiz, while working as the owner of Defendant Skyline Painting, discriminated against and sexually harassed Plaintiff based on her sex by making unwelcome sexual advances toward her, pinning her to the ground, and attempting to remove her clothes.

28. At the time, Plaintiff was employed by Skyline Painting and performing work on its behalf.

29. After Plaintiff successfully fought him off of her, Mr. Ortiz then removed her from the worksite early and offered her no further work with Skyline Painting.

30. These actions also created a hostile work environment based on sex.

31. Defendants' actions were intentional and were undertaken with malice or reckless disregard for Plaintiff's protected rights.

32. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, pain and suffering, and actual economic damages in an amount to be proved at trial.

### SECOND CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT, DISCRIMINATION, HARASSMENT, AND RETALIATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Plaintiff incorporates by reference all preceding paragraphs herein.

34. Plaintiff alleges discrimination claims under Title VII of the Civil Rights Act of 1964 as well as retaliation on the basis of sex.

35. On March 18, 2024, Defendant Ortiz, while working as the owner of Defendant Skyline Painting, discriminated against and sexually harassed Plaintiff based on her sex by making unwelcome sexual advances toward her, pinning her to the ground, and attempting to remove her clothes.

36. At the time, Plaintiff was employed by Skyline Painting and performing work on its behalf.

37. After Plaintiff successfully fought him off of her, Mr. Ortiz then removed her from the worksite early and offered her no further work with Skyline Painting.

38. These actions also created a hostile work environment based on sex.

39. Defendants' actions were intentional and were undertaken with malice or reckless disregard for Plaintiff's protected rights.

40. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, pain and suffering, and actual economic damages in an amount to be proved at trial.

### THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff incorporates by reference all preceding paragraphs herein.

42. Defendant Ortiz, by and through his company Defendant Skyline Painting, LLC, has intentionally acted to inflict emotional distress upon Plaintiff by using Skyline Painting, LLC as a vehicle to gain access to Plaintiff, make unwelcome sexual advances toward her, pinning her to the ground, and attempting to remove her clothes.

43. Defendants further removed Plaintiff from the worksite early and offered her no further work with Skyline Painting.

44. As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress as well as pain and suffering in an amount to be proved at trial.

### DAMAGES

45. Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

46. As a direct and proximate result of Defendants' actions, Plaintiff demands judgment in her favor as follows:

    a. Past, present and future pecuniary losses in an amount to be proven at trial;

    b. Past, present and future pain and suffering in an amount to be proven at trial;

    c. Past, present and future emotional distress in an amount to be proven at trial;

    d. Punitive damages in an amount to be proven at trial;

    e. All allowable costs, expenses, and fees associated with this litigation; and

    f. All other damages allowed under the laws of the State of Wyoming.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff, requests this Court grant judgment as follows:

    a. Judgment against Defendants for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

    b. Judgment against Defendants for pain, suffering, and emotional distress in an amount consistent with the allegations contained herein and to be proven at trial; and,

    c. Judgment against Defendants for punitive damages in an amount consistent with the allegations contained herein and to be proven at trial; and,

    d. Judgment for costs, expenses, fees, interest, and other such further relief as the Court deems just and equitable.

Dated December 1, 2025.                    *s/ Rachel Berkness*
                                           Rachel Berkness, Bar No. 7-5966
                                           Freeburg Law, LLC
                                           Box 3442
                                           Jackson, WY 83001

**DEMAND FOR JURY TRIAL**

Plaintiff, through counsel, requests that this matter be tried to a jury pursuant to Federal Rule of Civil Procedure 38.

Dated December 1, 2025.                    s/ *Rachel Berkness*
                                                                     Rachel Berkness, Bar No. 7-5966
                                                                     Freeburg Law, LLC
                                                                     Box 3442
                                                                     Jackson, WY 83001