

**FILED**

2:40 pm, 1/23/26

**Margaret Botkins**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

PERLA MARTINEZ,

    Plaintiff,

VS.

    Case No.  25-CV-276-ABJ

SKYLINE PAINTING, LLC AND
ELIAZAR ORTIZ,

    Defendants,

---

## ORDER DENYING MOTION TO PROCEED PSEUDONONYMOUSLY

This matter is before the Court on Plaintiff's motion to proceed pseudonymously. (ECF No. 4). The Court has reviewed the motion and is fully informed in the premises. For the following reasons, the Court finds the motion is DENIED.

### BACKGROUND

Plaintiff claims that she was hired as a painter by Defendant Skyline Paining, LLC, an entity owned by Defendant Eliazar Ortiz. (ECF No. 1 at ¶¶ 1-3, 12). On her first day of work, Plaintiff alleges that Eliazar sexually assaulted her. (*Id.* at ¶13). Based on these allegations, Plaintiff brings claims for hostile work environment, discrimination, harassment, and retaliation under both Wyoming and federal law and intentional infliction of emotional distress. (*Id.* at ¶¶ 25-44). After filing her suit, Plaintiff sought to proceed pseudonymously. In support of her motion, Plaintiff asserts that a newspaper sought to run

a story about her filing. (ECF No. 4 at 2). She asked them to use her initials, rather than her name and paper said they were hesitant to do so, given that she had not sought to proceed pseudonymously. (*Id*.). Plaintiff's basis is that this matter contains sensitive subject matter involving claims of sexual assault. (*Id*.). Plaintiff claims that media attention could be misinterpreted by the public against her. (*Id*. at 3).

## DISCUSSION

"Lawsuits are public events and there is no legal right in parties . . . to be allowed anonymity." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (citation and internal quotation marks omitted). "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). There is no apparent rule to support the practice. *Id*. "To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed.R.Civ.P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id*. (citation omitted). However, the Tenth Circuit has recognized there may be exceptional circumstances warranting some anonymity in judicial proceedings. *Id*. These situations include "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id*. (citing, *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)). "The risk that a plaintiff may suffer some embarrassment is not enough."

In this case, Plaintiff's only justification for proceeding pseudonymously is that the claims are sensitive in nature and that although she had not seen the article in the paper,

Plaintiff was concerned that the media attention could be misinterpreted by the public against her. While the Court appreciates this matter involves a sensitive subject for Plaintiff, that alone is not a sufficient reason to warrant anonymity in this proceeding.

While Plaintiff asserts reasons for wanting her name redacted in this proceeding, she does not provide any "exceptional circumstances" to overcome the public's presumed right to know her identity in this action.

### CONCLUSION

For all these reasons, the Court finds that Plaintiff failed to provide a sufficient justification for allowing her to proceed pseudonymously.

**IT IS ORDERED** that Plaintiff's motion to proceed pseudonymously (ECF No. 4) is **DENIED**.

Dated this 23ᵈ day of January, 2026.

Alan B. Johnson
United States District Judge